Opinion filed June 7, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00361-CV

                                                    __________

 

                 IN THE
INTEREST OF J.H. AND M.H., CHILDREN  



 

                                  On
Appeal from the County Court at Law

                                                          Midland
County, Texas

                                                 Trial
Court Cause No. FM 51,900

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            S.H. appeals the trial court’s order terminating his parental rights to his two
children, J.H. and M.H.[1] 
In a single issue, S.H. challenges the legal and factual sufficiency of the
evidence supporting the determination that termination of his parental rights
was in the best interest of J.H. and M.H.  We affirm.

Background
Facts

S.H. and P.B. are the parents of J.H. and M.H.[2] 
The Texas Department of Family and Protective Services sought termination of
their parental rights.  At the time of trial, J.H. was twelve years old, and
M.H. was ten years old.  The Department sought termination of S.H.’s parental
rights based on a number of statutory grounds.  At the conclusion of a bench
trial, the trial court found by clear and convincing evidence that termination
of S.H.’s parental rights was in the best interest of the children and that he
had (1) knowingly placed or allowed the children to remain in conditions or
surroundings that endangered their physical or emotional well-being, (2)
engaged in conduct or knowingly placed the children with persons who engaged in
conduct that endangered the physical or emotional well-being of the children, (3)
constructively abandoned the children while they were in the custody of the Department,
and (4) failed to comply with the provisions of a court order that specifically
established the actions necessary to obtain the return of the children.

Sufficiency
of the Evidence

Due
process requires that the grounds for termination be established by clear and
convincing evidence. In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002).  This
requires a measure or degree of proof that will produce in the mind of the trier
of fact a firm belief or conviction as to the truth of the allegations sought
to be established.  Tex. Fam. Code Ann.
§ 101.007 (West 2008); In re J.P.H., 196 S.W.3d 289, 292 (Tex. App.—Eastland
2006, no pet.).  When conducting a legal sufficiency review, we review all the
evidence in the light most favorable to the finding to determine whether a
reasonable trier of fact could have formed a firm belief or conviction that its
finding was true.  City of Keller v. Wilson, 168 S.W.3d 802, 817 (Tex. 2005);
In re J.F.C., 96 S.W.3d at 266; In re J.P.H., 196 S.W.3d at 292.  We
must assume that the factfinder resolved disputed facts in favor of its finding
if a reasonable factfinder could do so, and we disregard all evidence that a
reasonable factfinder could have disbelieved or found to have been incredible.  In
re J.F.C., 96 S.W.3d at 266.

            When
conducting a factual sufficiency review, we review the record as a whole,
including evidence in support of and contrary to the judgment, and give due
consideration to evidence that the trier of fact could have found to be clear
and convincing.  In re C.H., 89 S.W.3d 17, 25 (Tex. 2002); In re
J.P.H., 196 S.W.3d at 292–93. We then determine whether the evidence is
such that a factfinder could reasonably form a firm belief or conviction about
the truth of the State’s allegations.  In re C.H., 89 S.W.3d at 25; In
re J.P.H., 196 S.W.3d at 293.  We also consider whether any disputed
evidence is such that a reasonable factfinder could not have resolved that
evidence in favor of its finding.  In re J.F.C., 96 S.W.3d at 266; In
re J.P.H., 196 S.W.3d at 293.




 

Analysis

To
terminate parental rights, the Department must prove that one statutory ground
for termination has occurred and that termination is in the best interest of
the child.  In re J.L., 163 S.W.3d 79, 84 (Tex. 2005); In re A.V.,
113 S.W.3d 355, 362 (Tex. 2003); see Tex.
Fam. Code Ann. § 161.001(2) (Vernon Supp. 2011).  The focus is on the child’s best interest, not that of the parent.  Dupree v. Tex. Dep’t of
Protective & Regulatory Servs., 907 S.W.2d 81, 86 (Tex. App.—Dallas
1995, no writ).  No unique set of factors need be
proved.  In re C.J.O., 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010,
pet. denied).  But, courts may use the non-exhaustive Holley factors to
shape their analysis. Holley v. Adams, 544 S.W.2d 367, 371–72 (Tex. 1976). 
These include, but are not limited to, (1) the desires of the child, (2) the
emotional and physical needs of the child now and in the future, (3) the
emotional and physical danger to the child now and in the future, (4) the
parental abilities of the individuals seeking custody, (5) the programs
available to assist these individuals to promote the best interest of the
child, (6) the plans for the child by these individuals or by the agency
seeking custody, (7) the stability of the home or proposed placement, (8) the
acts or omissions of the parent that may indicate that the existing
parent-child relationship is not a proper one, and (9) any excuse for the acts
or omissions of the parent.  Id.  Additionally, evidence that proves one
or more statutory grounds for termination may also constitute evidence
illustrating that termination is in the child’s best interest.  In re C.J.O.,
325 S.W.3d at 266.  A trier of fact may measure a parent’s future conduct by
his or her past conduct and determine that it is in the child’s best interest
to terminate parental rights. In re D.S., 333 S.W.3d 379, 384 (Tex. App.—Amarillo
2011, no pet.).

            Teresa
Valero is a professional counselor employed by Child Protective Services.  She
counseled S.H. for two months.  During his counseling sessions, S.H. admitted
to using crack cocaine and marihuana for ten to twelve years, using drugs in
the presence of the children, and engaging in acts of domestic violence in the
presence of the children.  Valero testified that S.H. did not have the tools to
parent the children and that he could not take care of them.  In this regard,
M.H. had special medical needs as a result of receiving a kidney transplant. 
Valero testified that S.H. made no progress as a parent during the counseling. 
She additionally testified that the children were doing better in foster care
than when in S.H.’s care because they were calmer and happier, their school
grades had improved, and M.H.’s health had improved.

            Antonio
Reyes was the Family Based Safety Service Worker assigned to S.H. and the
children.  He testified that the children were living in a small hotel room
while in S.H.’s care that was not big enough for them.  He also testified that
S.H. did not provide the children with a stable home environment.  Reyes
testified that S.H. and his girlfriend used drugs in the presence of the
children and that he continued to test positive for drugs after Child
Protective Services began working with him.

            S.H.
was incarcerated at the time of the hearing for drug possession and evading
arrest.  He was serving a sentence of twenty months for these offenses.  When
asked why his children were in foster care, S.H. responded as follows: 
“Because of the things that I have done, using drugs and just not using good
judgment, hanging around the wrong people.  I know that is the reason why I’m
in this position now, the whole thing.”

            Stephanie
Perry was the last witness to testify.  She is a caseworker for the
Department.  She testified that the children had been in foster care for nine
months as of the time of trial.   Perry testified that she did not believe the
children had a bond with S.H.  She testified that the children did not believe
that S.H. provided them with a safe environment.  Perry felt that S.H. could
not provide for the children in that he would be incarcerated until February
2013.  She further testified that it was in the best interest of the children for
S.H.’s parental rights to be terminated so that they could be adopted out of
foster care.[3]

The evidence demonstrated that S.H. could not provide J.H. and M.H. a stable home
environment or meet their physical and emotional needs.  Further, there was no
evidence that S.H. would be able to sustain a stable environment for the
children or to meet the children’s needs in the future.  Considering the
evidence relating to S.H.’s past conduct and his failure to improve as a parent
while working with the Department, the trial court could have reasonably
concluded that he would not be able to provide the children with a stable
environment or to meet their needs in the future.  Based on the evidence, the
trial court could reasonably have formed a firm belief or conviction that
termination of S.H.’s parental rights would be in the best interest of J.H. and
M.H.  We cannot hold that this finding is not supported by clear and convincing
evidence or outweighed by any contrary evidence.  Accordingly, the evidence is
legally and factually sufficient to support the finding that termination of
S.H.’s parental rights is in the best interest of J.H. and M.H.  S.H.’s sole
issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

 

            

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

June 7, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.

 

 

 

 









                [1]Pursuant to Rule 9.8 of the Texas Rules of Appellate
Procedure, we use aliases to refer to the minors and the minors’ parent.  Tex. R. App. P. 9.8(b)(2).

 





                [2]P.B. is the mother of the children.  She is not a party
to this appeal.





                [3]Perry testified that the Department was open to placing
the children for adoption with a relative of S.H.